UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| OHIO & VICINITY CARPENTERS' FRINGE BENEFIT FUNDS, INC., | ) ) ) | CASE NO.  5:12-CV-01565 |
| PLAINTIFF, | ) ) | JUDGE SARA LIOI |
| vs. | ) ) ) ) | **MEMORANDUM OPINION AND ORDER** |
| BCS CONTRACTORS, INC., | ) ) ) | |
| DEFENDANT. | ) | |

**I. BACKGROUND**

On June 19, 2012, plaintiff Ohio & Vicinity Carpenters' Fringe Benefit Funds, Inc. filed suit against defendant BCS Contractors, Inc. for unpaid fringe benefit contributions. (ECF No. 1.) On June 26, 2012, service by certified mail was made upon the defendant. (ECF No. 5.) On August 16, 2012, plaintiff applied to the Clerk for an entry of default against defendant, (ECF No. 7), and the Clerk entered default against defendant on August 17, 2012 (ECF No. 8).

This matter is before the Court on plaintiff's unopposed motion for default judgment. (ECF No. 6.) For the following reasons, plaintiff's motion is **GRANTED IN PART AND DENIED IN PART**. Plaintiff's motion is granted on the issue of liability, and denied, without prejudice, on the issue of damages.

## II. LAW AND ANALYSIS

Federal Rule of Civil Procedure 55(b) governs the entry of default judgment. Rule 55(b)(2) provides, in pertinent part, that judgment by default, when the amount is not for a sum certain, may be entered as follows:

> **By the Court.** In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared.

Rule 55(b)(2) does not set forth a standard to be applied in determining when a party is entitled to a judgment by default. "When an application is made to the court under Rule 55(b)(2) for the entry of a judgment by default, the district judge is required to exercise sound judicial discretion in determining whether the judgment should be entered." 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure: Civ.3d § 2685 (1998) (footnotes omitted). "This element of discretion makes it clear that the party making the request is not entitled to a default judgment as of right […] ." *Id.*

On a motion for default judgment, well-pleaded allegations pertaining to liability are deemed admitted. However, for purposes of a default judgment, the amount of damages is not deemed admitted. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied.")

Plaintiff filed its complaint under § 301 of the Labor Management Relations Act of 1947 (LMRA), codified at 29 U.S.C. § 185, and § 502(a)(3), (e), and (f) of the Employee Retirement Income Security Act of 1974 (ERISA), codified at 29 U.S.C.

§ 1132(a)(3), (e), and (f). According to the complaint, plaintiff collects and receives fringe benefit contributions from signatory employers. Defendant is alleged to be a signatory to the applicable collective bargaining agreement or trust agreement, or both, which controls the terms and conditions of wages and fringe benefits. Under the terms of these agreements, defendant is required to submit fringe benefit contributions in a timely fashion based upon the hours worked according to the applicable rate. In the sole cause of action, it is alleged that "Defendant has failed to make the required fringe benefit contributions." (ECF No. 1 ¶ 11.) Attached to the complaint are a "Carpenters' Agreement," an "Assent of Participation and Acceptance of The Ohio Carpenters Health and Welfare Fund," and plaintiff's "New Contractor Questionnaire," all signed by defendant's Vice President. (*Id.* at 1–1.)

Plaintiff seeks default judgment in the amount of $61,564.39, representing $56,994.44 in unpaid fringe benefits and $4,569.95 in "late fees." (ECF No. 6 at 39.)[1] Additionally, plaintiff requests interest at the current IRS rate per annum and reasonable attorney fees and costs. (*Id.*)

While plaintiff has established defendant's liability via the uncontested factual allegations in its complaint, plaintiff has failed to present evidence in support of its request for damages, interest, and reasonable attorney fees and costs. Consequently, the Court will not grant damages at this juncture. Upon submission of evidentiary support and an itemization of reasonable attorney fees, the Court will revisit the issue of damages.

---

[1] Citations to specific pages in the record refer to the continuous pagination applied by the electronic docketing system.

### III. CONCLUSION

For the foregoing reasons, plaintiff's motion for default judgment (ECF No. 6) is **GRANTED IN PART AND DENIED IN PART**. Plaintiff's motion is granted on the issue of liability, and denied, without prejudice, on the issue of damages.

**IT IS SO ORDERED**.


Dated: February 19, 2013

                                          **HONORABLE SARA LIOI**
                                          **UNITED STATES DISTRICT JUDGE**