UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| OHIO & VICINITY CARPENTERS' FRINGE BENEFIT FUNDS, INC., | ) ) ) | CASE NO. 5:12-cv-1565 |
| PLAINTIFF, | ) ) | JUDGE SARA LIOI |
| vs. | ) ) ) | ORDER |
| BCS CONTRACTORS, INC., | ) ) ) ) | |
| DEFENDANT. | ) | |

Presently before the Court are the affidavits and evidentiary submissions of plaintiff in support of plaintiff's motion for damages and attorney fees and costs in connection with an award of default judgment already entered by the Court as to defendant's liability. (*See* Doc. Nos. 6, 9, 10, 11, 12, and 13.) For the reasons that follow, plaintiff's motion for damages, attorney fees, and costs is GRANTED.

**I. BACKGROUND**

The Court previously granted plaintiff's motion for default judgment on the issue of defendant's liability, but denied, without prejudice, plaintiff's motion on the issue of damages in the amount of $61,564.39, attorney fees, and costs. (Doc. No. 9.) The motion was denied because plaintiff failed to provide evidentiary support for damages, attorney fees, and costs. The Court indicated that it would revisit those issues upon plaintiff's submission of evidentiary support. *Id.*

Plaintiff has submitted the affidavit of Lynn A. Hoelting (Doc. No. 10 ["Hoelting Aff."]) in support of damages, and the affidavit of Attorney Thomas J. Griffith (Doc. No. 11 ["Griffith Aff."]), along with supplemental documentation (Doc. No. 13 [Supp. Doc."]), in support of attorney fees and costs.

## II. LAW AND ANALYSIS

Well-pleaded allegations in the complaint as to liability are taken as true when a defendant is in default, but not as to damages. *Ford Motor Co.*, 441 F. Supp. 2d 837, 846 (E.D. Mich. 2006) (citing *Visioneering Constr.*, 661 F.2d 119, 124 (6th Cir. 1981)). Rule 55(b)(2) permits, but does not require, the district court to conduct an evidentiary hearing to determine damages. *Arthur v. Robert James & Assoc. Asset Mgmt., Inc.*, No. 3:11-cv-460, 2012 WL 1122892, at *1 (S.D. Ohio April 3, 2012) (citing *Vesligaj v. Peterson*, 331 F. App'x 351, 354-55 (6th Cir. 2009)).

The Court may rely on affidavits submitted by plaintiff in support of damages without the need for a hearing. *Id*. at *2 (citation omitted). In this case, reliance on plaintiff's affidavits in lieu of an evidentiary hearing is appropriate for at least two reasons. First, the amount of damages plaintiff seeks is a sum certain. Second, defendant has been served with plaintiff's complaint, the Court's entry of default, and plaintiff's motion at their address of record, but has failed to appear or otherwise defend this action, and thus would likely not participate in an evidentiary hearing if it occurred. *See id.*

A. Damages

Plaintiff seeks a default judgment damage award in the amount of $61,564.39, representing unpaid fringe benefits and "late fees." (Doc. No. 6 (Motion for

Default Judgment ["Motion"]) at 39.[1]) In support, plaintiff submits the affidavit of Lynn Hoelting, plaintiff's plan administrator, establishing total damages in the amount of $61,564.39. (Hoelting Aff., ¶ 3 at 54.)

Plaintiff's motion seeks total damages in the amount of $61,564.39, representing $56,994.44 in unpaid fringe benefits and $4,569.95 in late fees (Motion at 39.) Hoelting's affidavit avers the same total amount of damages, but also avers that defendant has not paid fringe benefits in the amount $56,994.44 and late fees in the amount of $4,733.47. (Hoelting Aff., ¶ 3 at 54-55.) However, the unpaid fringe benefits and late fees in Hoelting's affidavit total $61,727.91, not $61,564.39, the difference resting in the amount of late fees requested in the motion from that established in the affidavit.

That said, Court finds that the damages requested in plaintiff's motion—$61,564.39—is supported by Hoelting's affidavit, and judgment shall be entered against defendant and in favor of plaintiff in the amount of $61,564.39.

B. Attorney Fees and Costs

Pursuant to 29 USC § 1132(g)(2)(D), plaintiff is entitled to reasonable attorney's fees and costs. Consideration of plaintiff's request for reasonable attorney fees is based on the "lodestar" approach. *Building Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1401 (6th Cir. 1995). The lodestar calculation starts with the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L. Ed. 2d 40 (1983).

---

[1] Citations to page numbers in the record refer to the page identification numbers generated by the Court's

3

In determining a reasonable hourly rate, courts initially assess the "prevailing market rate in the relevant community." *Adcock-Ladd v. Sec. of Treasury*, 227 F.3d 343, 350 (6th Cir. 2000). The prevailing market rate can be demonstrated in a number of ways, including, affidavit, fee award studies, citations to prior precedent regarding reasonable rate adjudications, and the court's own expertise in recognizing reasonable applicable prevailing rates. *See Disabled Patriots of Am. v. Genesis Dreamplex, LLC*, 3:05 CV 7153, 2006 WL 2404140, at *2 (N.D. Ohio 2006) (citing *Parker v. Sec'y of Dep't of Health and Human Servs.*, 1992 WL 191102, at *1 (Cl. Ct. 1992) (citing NEWBERG, ATTORNEY FEE AWARDS 198 (1986))

In this case, plaintiff seeks an hourly rate of $150.00 for Attorneys Griffith and Piatt, who are counsel of record in this case. Plaintiff "affirms and certifies" that the fees charged in this case are reasonable, but does not submit affidavits from outside attorneys specializing in ERISA matters regarding the prevailing market rates, affidavits detailing the experience of the billing attorneys, or opinions from Attorneys Piatt or Griffith regarding the prevailing market rate in the community. (Supp. Doc. at 62.) Based on the Court's own experience in similar cases, however, the Court concludes that an hourly rate of $150.00 is reasonable in this case for the lodestar analysis. *See Ohio & Vicinity Carpenters' Fringe Benefit Funds, Inc. v. Ohio Insulation, LLC*, 5:13CV695, 2013 WL 5923612 (N.D. Ohio November 4, 2013) (finding an hourly rate of $150.00 to be reasonable in a similar case).

The Court has examined the Griffith affidavit and billing statements submitted in support of plaintiff's motion for attorney fees and costs, and concludes that

---

electronic docketing system.

the work performed and time expended for each activity set forth, and the costs incurred, were reasonable. Accordingly, the Court grants plaintiff's motion for attorney fees in the amount of $6,690.00, and costs in the amount of $380.28, for a total award of attorney fees and costs in the amount of $7,070.28.

### III. CONCLUSION

For the reasons contained herein, plaintiff's motion for damages, attorney fees, and costs are GRANTED.

Judgment in the amount of $61,564.39 for damages, $6,690.00 in attorney fees, and $380.28 in costs, along with interest on the judgment at the statutory rate, will be entered in favor of plaintiff Ohio & Vicinity Carpenters' Fringe Benefit Funds, Inc. against defendant BCS Contractors, Inc.

**IT IS SO ORDERED**.

Dated: February 18, 2015

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**